**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**VINCENT COOPER
ADC #114449**                                                                                          **PLAINTIFF**

**V.**                            **NO. 5:14-CV-00124 KGB/BD**

**TAMMY COURTNEY, et al.**                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  Background:

Vincent Cooper, an Arkansas Department of Correction inmate, filed this case *pro se* under 42 U.S.C. § 1983.  After screening the complaint, the Court found that Mr. Cooper had stated retaliation claims against Defendants Courtney, Culclager[1], and Gibson.  Later, Mr. Cooper moved to amend his complaint to add a retaliation claim against Defendant Martin.  The Court granted Mr. Cooper's motion.

Defendants have now moved for summary judgment on Mr. Cooper's claims, and Mr. Cooper has responded to the motion.  (#31, #35, #36, #37)

For the reasons set forth below, the Court recommends that Defendants' motion for summary judgment (#31) be GRANTED.

## III.  Discussion:

A.  Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material

---

[1] The docket sheet lists this Defendant as Maurice Culcase.  Based on the answer filed on behalf of this Defendant, the Clerk of the Court is instructed to update the docket sheet to correctly identify this Defendant as Maurice Culclager.  (#11)

fact.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving party must first present evidence that there is no genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party does not offer proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Failure-to-Exhaust Defense

Defendants contend that Mr. Cooper failed to fully exhaust a grievance against Defendants Gibson, Culclager, and Martin.  The Court must address this issue prior to addressing the merits of Mr. Cooper's retaliation claims against these Defendants.  See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice).

It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738,

121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Furthermore, an inmate's beliefs as to the effectiveness of a prison's administrative procedures are irrelevant in determining whether administrative procedures were available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based upon the evidence presented, Mr. Cooper fully exhausted two grievances regarding the allegations giving rise to this lawsuit, VU-11-01026, and VU-11-0166. (#31-2 at p.2) In grievance VU-11-01026, submitted on October 14, 2011, Mr. Cooper complains that in April 2011, Defendant Courtney failed to provide him an appropriate pair of "visitation cloth." (#31-3 at p.1) He says that he informed Defendant Gibson about Defendant Courtney's conduct, and that Defendant Gibson was supposed to contact Defendant Courtney about providing Mr. Cooper an additional set of "cloth." (*Id*.) In this grievance, Mr. Cooper also complains that in September 2011, Defendant Courtney stopped Mr. Cooper on his way to the chow hall, took him to his cell, and searched his

property. (*Id.*) Mr. Cooper claims that during this encounter, Defendant Courtney acted as if she was going to strike Mr. Cooper in the face. (*Id.*)

In grievance VU-11-1066, Mr. Cooper claims that on September 26, 2011, Defendant Courtney issued Mr. Cooper a false disciplinary charge in retaliation for filing a grievance against her. (#31-4 at p.1) Mr. Cooper identifies both Defendant Gibson and Culclager in this grievance. He complains that he notified these Defendants about Defendant Courtney's failure to provide him adequate clothing, and that Defendant Courtney was angry that he had consulted these Defendants about this issue. (*Id.*) In addition, he states that he notified these Defendants that Defendant Courtney had a "grudge" against him and had fabricated a false allegation against him. (*Id.*)

Based on this evidence, the Court finds that Mr. Cooper exhausted his administrative remedies against Defendants Gibson and Culclager. However, because Mr. Cooper has not come forward with any evidence that he fully exhausted his retaliation claims against Defendant Martin, his claims against Defendant Martin should be dismissed, without prejudice.

    C.    Retaliation Claims Against Defendant Courtney, Gibson, and Culclager

Mr. Cooper claims that Defendant Courtney issued him a false disciplinary because he filed a grievance against her. He claims that Defendants Gibson and Culclager were aware of Defendant Courtney's conduct, but failed to intervene. Filing

grievances is protected first amendment activity. See *Dixon v. Brown*, 28 F.3d 379 (8th Cir. 1994) (filing a prison grievance is protected First Amendment activity).

To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendant took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Mr. Cooper is correct that he may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983, when a prison official files disciplinary charges in retaliation for an exercise of a constitutional right. If, however, the discipline which the inmate claims to have been retaliatory was, in fact, imposed for an actual violation of prison rules or regulations, the inmate's claim that the discipline was retaliatory fails. *Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).

Here, following a disciplinary hearing, the hearing officer found sufficient evidence to conclude that Mr. Cooper was guilty of three of the four infractions charged by Defendant Courtney. (#31-6 at p.2) Mr. Cooper does not contest that he was convicted of these infractions. Because Mr. Cooper was convicted of violating prison rules, and because the charges were supported by some evidence, including the report by Defendant Cooper and a photo of clothing, Mr. Cooper's retaliatory discipline claims fail.

*Hartsfield v. Nichols*, 511 F .3d 826, 831 (8th Cir. 2008); *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

Moreover, the Defendants' actions obviously did not chill Mr. Cooper from filing additional grievances. In fact, he filed at least forty-seven grievances from the date that he was charged with the disciplinary at issue to the date that he filed this lawsuit. (#3-2 at p.2)

Based on the evidence presented, Defendants Courtney, Gibson, and Culclager are entitled to judgment as a matter of law on Mr. Cooper's retaliation claims.

## IV.   Conclusion:

The Court recommends that Defendants' motion for summary judgment (#31) be GRANTED. Mr. Cooper's claims against Defendant Martin should be DISMISSED, without prejudice. His claims against Defendant Courtney, Gibson, and Culclager should be DISMISSED, with prejudice.

DATED this 4th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE